Filed 7/15/13  P. v. Delacruz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244638 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA036995) |
| v. | |
| RODRIGO DELACRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie A. Dunn, Judge.  Judgment affirmed as modified with directions.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Rodrigo Delacruz, pleaded guilty to second degree robbery (Pen. Code,[1] § 211) and attempted second degree robbery (§§ 664, 211) committed in November 2000. Defendant admitted he used a firearm within the meaning of section 12022.53, subdivision (b) as to each count. On May 31, 2001, defendant was sentenced to 17 years, 4 months in state prison. He was order to pay a $200 restitution fine (§ 1202.4, subd. (b)), a $200 parole revocation restitution fine (§ 1202.45), and restitution to the victims (§ 1202.4, subd. (a)(1)).

Defendant filed a post-judgment "motion to correct [the] abstract of judgment" to reflect, in his words, "retroactive pre-sentence in-custody credits pursuant to the California Penal Code § 4019 & § 1202.5 in effect now, not at the time of sentencing." On August 20, 2012, the trial court denied the motion.

We appointed counsel to represent defendant on appeal. After examination of the record, appellate counsel has filed a brief in which no issues are raised. Instead, appointed counsel has asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On March 5, 2013, we advised defendant he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider. No response has been received.

Defendant was arrested on November 28, 2000, and sentenced on May 31, 2001. He received credit for 186 days in presentence custody and 28 days of conduct credit for a total of 214 days. We asked the parties to brief the question whether defendant should have received credit for 185 days in presentence custody and 27 days of conduct credit (§ 2933.1, Stats. 1994, ch. 713, § 1) for a total of 212 days.

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

The judgment is modified to award defendant 185 days of presentence custody credit and 27 days of conduct credit for a total of 212 days. In all other respects, the judgment is affirmed. Upon remittitur issuance, the clerk of the superior court shall prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORT


TURNER, P.J.

We concur:



MOSK, J.



KRIEGLER, J.